Rosemarie E. Matera
Kurtzman Matera, P.C.
Attorneys for Debtor
664 Chestnut Ridge Road
Spring Valley, NY  10977
(8456) 352-8800

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

EDDIE R. SANCHEZ and NATALIE J. SANCHEZ,

                                                 Debtors.
-----------------------------------------------------------x

Chapter 13

Case No:10-22510(RDD)

## APPLICATION IN SUPPORT OF AN ORDER TO AVOID LIEN PURSUANT TO 11 U.S.C. §§ 506(a) AND 1322(b)(2) AND RECLASSIFYING SECOND MORTGAGE CLAIM OF CITIMORTGAGE, INC.

**TO:**    **HONORABLE ROBERT D. DRAIN**
           **UNITED STATES BANKRUPTCY JUDGE**

The application of Eddie R. and Natalie J. Sanchez, the debtors herein ("Debtors"), by and through their attorneys, Kurtzman Matera, P.C., respectfully represents:

### JURISDICTION

1. The Debtors filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code ("Bankruptcy Code") on March 4, 2010 ("Filing Date").

2. The Court has jurisdiction over this matter pursuant to Sections 506(a) and 1322(b)(2) of the Bankruptcy Code.  This matter is a core proceeding under 28 U.S.C. §§ 157(b)(2)(K) and (L).

### FACTUAL BACKGROUND

3. The Debtors are the owners of certain real property located at 5 Castle Drive, Chestnut Ridge, New York 10977.  The Debtors hold title to the Real Property.

4.      The Real Property was purchased in or about January, 1994 at a purchase price of $170,000.00.

5.      The Real Property is currently encumbered by a first mortgage with MorEquity, Inc., in an amount of $401,165.63 as of the Filing Date. A proof of claim docketed by the Clerk of the Court as Claim No. 3 lists MorEquity, Inc., as a secured creditor. A copy of Claim No. 3 is annexed hereto as Exhibit "A".

6.      The mortgage evidenced by Claim No. 3, as detailed in the attachment thereto, originated on June 28, 2006. The proof of claim filed by MorEquity, Inc. offers no value for the Real Property.

7.      The Real Property is encumbered by a second mortgage with CitiMortgage, Inc., which also originated on June 28, 2006. CitiMortgage filed a proof of claim for the second mortgage with the Clerk of the Court which was docketed as Claim No. 4. A copy of Claim No. 4 is annexed hereto as Exhibit "B".

8.      Claim No. 4 states that the total debt owed to CitiMortgage, Inc. is $102,784.91. The total pre-petition arrears are $903.60. Claim No. 4 at "value of property" offers no value.

9.      As stated, both mortgages originated as of June 29, 2006. The first mortgage was for $416,000.00 with interest at 7.625%. See Exhibit "A". The second mortgage was for $104,000.00, with interest at 9.54% and a balloon payment on August 1, 2021. See Exhibit "B".

## **VALUATION**

10.     Fernando Gonzalez, Certified Residential Real Estate Appraiser performed an appraisal of the Real Property on March 2, 2010. A copy of the Appraisal is annexed hereto as Exhibit "C". Utilizing the comparable sales approach and having conducted an interior and exterior inspection, the value of the Real Property is stated as $400,000.00.

## RELIEF REQUESTED

11. The United States Court of Appeals for the Second Circuit has held that the anti modification provision of Section 1322(b)(2) of the Bankruptcy Code "is triggered only where there is sufficient value in the underlying collateral to cover some portion of a creditor's claim". In re Pond, 252 F. 3d 122, 125 (2d Cir. 2001). "[A] wholly unsecured mortgage lien may be stripped off in a Chapter 13 proceeding notwithstanding the anti modification exception of § 1322(b)(2)". In re Robert, 313 B.R. 545, 548 (Bankr. N.D.N.Y. 2004). "[I]f there is no equity in a debtor's residence after accounting for other encumbrances that have priority over a mortgage lien, so that the mortgage lien is not even partially secured, the lien can be avoided and the mortgage debt treated as unsecured." In re Fisher, 289 B.R. 544, 547 (Bankr. W.D.N.Y. 2003).

12. "In a *Pond* proceeding, the anti modification provision set forth in Section 1322 places the burden on the debtor to demonstrate that there is not even a $1.00 of value over prior valid liens to support the mortgage lien that is to be avoided". In re Fisher, id.

13. "[T]he payoff figure for the senior mortgage, set forth without regard to the value of the property, is fixed on the filing date." In re Mooney, 301 B.R. 627, 629 (Bankr. W.D.N.Y. 2003).

14. As of the Filing Date, the Debtors owe $401,165.63 to the senior mortgage holder.

15. The Appraisal values the Real Property at $400,000.00. There is not $1.00 of equity for CitiMortgage, Inc. on the second mortgage.

16. Pursuant to Section 506(a), the claim of CitiMortgage, Inc. as second mortgage holder is wholly unsecured. The lien of CitiMortgage, Inc. must be released upon completion of the Debtors' Chapter 13 Plan.

17. No prior application for the relief sought herein has been made.

19. It is respectfully requested that based on the case law cited herein, the filing of a separate memorandum of law be waived.

WHEREFORE, it is respectfully requested that this Court hold that the claim of the second mortgage holder, CitiMortgage, Inc., is unsecured in its entirety as against the Real Property and thus dischargeable in the Debtor's bankruptcy case and granting such other and further relief as the Court may deem just and proper.

Dated: Spring Valley, New York
       April 28, 2010

                                      **/s/ Rosemarie E. Matera**
                                      Rosemarie E. Matera
                                      Kurtzman Matera, P.C.
                                      Attorneys for Debtors
                                      664 Chestnut Ridge Road
                                      Spring Valley, New York 10977